## THE J. M. GUFFEY.

### (Circuit Court of Appeals, Second Circuit. May 8, 1911.)

### No. 249.

SHIPPING (§ 84*)—LIABILITY OF VESSEL—INJURY TO WORKMAN.

> An oil tank steamer *held* liable for an injury to a pipe fitter in the employ of a contractor engaged in making repairs on the vessel in dry dock, caused by an explosion of gas while he and others were at work with open torches in a tank, on the ground that it was the duty of her officers to render the place safe for the work, or, if that were impossible, to warn the men of the danger and furnish them with electric torches, which were kept for the use of the crew.

> [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 349–351; Dec. Dig. § 84.*]

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty by James W. Dalton against the steamship J. M. Guffey; the J. M. Guffey Petroleum Company, claimant. Decree for libelant, and claimant appeals. Affirmed.

This cause comes here upon appeal from a decree holding the ship responsible for injuries received by libelant, a steamfitter employed by contractors who were making repairs and altering the position of an oil pump; the vessel being a tank steamer.

J. J. Mahoney (M. J. Wright, of counsel), for appellant.
Hirsh & Rasquin (Hugo Hirsh, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The facts are fully set forth in Judge Chatfield's opinion. 180 Fed. 611. We do not think it necessary to repeat them, since we fully concur with him. The ship had not been turned over to the contractors, but was under the control of her officers. Although efforts had been made to remove all accumulations of gas from her interior, the result shows that the pump and pump connections had not been made safe. Exactly what had been done to that end was known to the ship's officers, who had conducted the operations, but not to the contractors or their employés. If it is the fact, as claimant's principal witness on this branch of the case testified, that in spite of all precautions there will sometimes remain little "pockets" of gas, which are liable to explode in the presence of heated rivets or any open flame, then warning should have been given to the men, who specifically asked, as to the ship's condition, "whether it was safe or not," before going to work in a dark place under the pump, that they ought not to use an open flame light, but should use only electric lights, such as the electric flame torches which were always kept on board the ship for use by her officers or crew whenever they were "going around and working any dangerous place." The two permanent signs, "No Smoking," which the chief officer testified were displayed, one on the break of the forecastle head, were not suffi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cient; nor would they have been if they had been lettered, as libelant had seen them on other vessels, "No Naked Lights to be Used," because it might be supposed that they were intended as warning only when the ship was in commission, and did not refer to a time when she had been cleansed and put in dry dock.

The decree is affirmed, with interest and costs.